DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWIN JOSE GARRIDO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3739

[April 15, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562008CF001155A.

Jeffrey H. Garland of Jeffrey H. Garland, P.A., Fort Pierce, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We reverse an order denying a motion for postconviction relief after an evidentiary hearing and remand to the circuit court for a new trial. We conclude that trial counsel was ineffective for failing to pursue an alibi defense once the prosecutor disclosed a new range of offense dates after the jury had been sworn.

Edwin Garrido ("defendant") was charged with kidnapping and sexual battery. In a supplemental answer to defendant's demand for discovery, the State initially disclosed that the offense occurred "on or about November 3, 2007, at approximately 12 noon." In response, defendant provided the State with his notice of alibi and listed four witnesses who supported his claim that at the time of the alleged offense, he was working at the St. Lucie County International Airport.

The jury was sworn and told to return for trial later that week. On the morning of trial, before opening arguments, the prosecutor told the court that the November 3rd offense date was incorrect. She moved to amend the information, recognizing it would prejudice the defense. The judge

gave the defense the option of going to trial with the jury that had been selected or asking for another remedy, such as a mistrial without jeopardy attaching or a continuance. The judge refused to reduce defendant's bond, so he could not be released pending trial. The defense attorney did not move for a continuance or a mistrial but objected to the amendment.

The judge gave counsel time to interview the victim, who had not previously been available for deposition. Later, over defense counsel's objection that it nullified his alibi defense, the trial court granted the State's motion to amend the information by oral interlineation to allege that the incident occurred between November 5 and 9, 2007. Defense counsel said he was ready for trial and that he had alibi witnesses.

The victim testified at trial that when she first came to this country she lived with defendant's sister. She considered defendant a brother or friend. At the time of the incident, she lived with her fiancé and their infant daughter. The incident happened at around noon on a weekday, while the fiancé was at work. The victim was not sure of the exact date, but she recalled it was during the week before her family moved to a different residence, which occurred Saturday, November 10th. She testified that defendant came to her house unexpectedly and made unwanted advances toward her. She and defendant fought, and he dragged her into the bedroom and forced her to have intercourse. No physical evidence connected defendant to the crime. The victim said nothing about the incident to anyone until the following month, when she told defendant's sister. Over a month and a half after the incident, the victim first spoke to the police.

Even though defense counsel had told the judge that alibi witnesses would testify, the defense rested without presenting a case. The jury convicted defendant of kidnapping and sexual battery. He was sentenced to thirty years in prison for the kidnapping and a concurrent term of fifteen years for the sexual battery.

One of the issues raised on direct appeal was that the trial court erred by allowing the State to amend the information during trial, where the defense was prejudiced. This Court affirmed based on the principle of "invited error," because defense counsel rejected the trial judge's offer of a mistrial or a continuance to prepare a defense to the newly-disclosed range of dates. *Garrido v. State*, 47 So. 3d 341 (Fla. 4th DCA 2010) (citing *Farinas v. State*, 569 So. 2d 425, 429 n.7 (Fla. 1990)).

In his Florida Rule of Criminal Procedure 3.850 motion, defendant raised nine grounds, including that his trial attorney provided ineffective

assistance of counsel by failing to investigate defenses as to the amended dates and failing to discuss with defendant the benefit of doing so.

At the evidentiary hearing on the postconviction motion, the defense called six witnesses, including defendant and trial counsel.

Supervisors and co-workers testified and provided documentation that between November 5 and 9, 2007, defendant was working with them hanging drywall at a job in Boca Raton, from 8:00 a.m. to 5:00 p.m. each day. The essence of their testimony was that during the dates in question defendant could not have attacked a woman at noon in Port St. Lucie, where the offense allegedly took place. The drive took between two and two and a half hours, depending on traffic. The defense lawyer never asked these witnesses whether defendant was working on the amended dates. Had he done so, they could have pulled their records to document defendant's presence on the job.

Initially, defendant went to trial with alibi witnesses for November 3rd, so the change in dates took him by surprise. Spanish was his primary language, and he had some difficulty communicating with his lawyer. After the State amended the date of the offense, defense counsel never asked defendant about an alibi for the new range of dates. The lawyer told defendant he was ready for the trial. Had defendant fully understood what was happening, he could have asked his lawyer to take the judge's offer of a continuance and prepare an alibi for the new dates.

Defense counsel testified that he never filed a motion for a bill of particulars under Florida Rule of Criminal Procedure 3.140(n), relying instead upon the prosecutor's representation about the date of the offense. He did not depose the victim prior to trial because the prosecutor told him she could not locate her. The evening before the evidentiary portion of the trial was to commence, the prosecutor called to say that she had located the victim and was changing the dates of the crime. Defense counsel said he did not discuss with defendant the advisability of conducting further investigation, nor did he ask defendant if he had an alibi for the new time period. He did not explain to defendant the detriment of not taking the judge's offer of a continuance. Defense counsel remembered that defendant was frustrated with being in jail. It was tough to explain to him what was happening after counsel had worked so hard to prepare his alibi defense for the original November 3rd date.

Defense counsel testified that his main concern was to preserve what he perceived as an error in allowing the dates to be changed after the jury had been sworn. At the time, he did not understand that by refusing to

accept the judge's remedy of a mistrial or a continuance, he ended up waiving the very error he sought to preserve.  With the benefit of hindsight, he now realized that it was reckless to go forward with the trial.

The trial court denied the postconviction motion by citing the wrong evidentiary standard.  The court said that a postconviction movant has the burden to "establish his entitlement to relief by clear and convincing evidence."  It concluded defense counsel was not ineffective for electing to proceed with the trial where the client had consented.

The standard of *Strickland v. Washington,* 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel:

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness."  466 U.S. at 688, 104 S.Ct. 2052.  A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance.  *Id.,* at 689, 104 S.Ct. 2052.  The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.,* at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.,* at 694, 104 S.Ct. 2052.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.,* at 693, 104 S.Ct. 2052.  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.,* at 687, 104 S.Ct. 2052.

*Harrington v. Richter,* 562 U.S. 86, 104 (2011).

> In assessing prejudice under *Strickland,* the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . .  Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. [466 U.S.] at 696, 104

S.Ct. 2052. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.,* at 693, 697, 104 S.Ct. 2052. The likelihood of a different result must be substantial, not just conceivable. *Id.,* at 693, 104 S.Ct. 2052.

*Harrington*, 562 U.S. at 111-12.

Defense counsel performed deficiently in this case by pursuing a legally-flawed tactic. Counsel believed that rejecting a mistrial or continuance would preserve the error of the last minute change in offense dates. Counsel deprived his client of a fair trial by rejecting the remedies offered by the court and by not questioning defendant and the alibi witnesses concerning defendant's whereabouts during the new dates. Defendant presented evidence from alibi witnesses and established at the evidentiary hearing a reasonable probability of a different result sufficient to undermine confidence in the outcome of the trial. Accordingly, we reverse the denial of the postconviction motion and remand for a new trial.

*Reversed and remanded for a new trial.*

GERBER and LEVINE, JJ., concur.

*    *    *

**_Not final until disposition of timely filed motion for rehearing._**