DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HUBERT PARINI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2263

[March 30, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 04-7718CF10A.

Hubert Parini, Century, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was convicted of burglary of a dwelling with a battery and attempted second degree murder. The victim was appellant's girlfriend, with whom he had a stormy relationship. Both testified that the relationship was not exclusive and that the other was possessive and jealous. Appellant moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. The circuit court held an evidentiary hearing and denied the motion. We affirm.

At issue was a statement made by the girlfriend during cross-examination. She said that the police showed her a report of what appellant "did to his sister [and] how much he hurt her" on a previous occasion. Arguably, defense counsel invited this response.

Even assuming that defense counsel's representation "fell below an objective standard of reasonableness," postconviction relief was not warranted. *Garrido v. State*, 162 So. 3d 1069, 1072 (Fla. 4th DCA 2015). To entitle a defendant to relief, defense counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result

is reliable." *Id.* The law requires a showing that it "is 'reasonably likely' the result would have been different," but for counsel's errors. *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 693, 697 (1984)). A 911 call on the evening of the incident, made by appellant's mother, was the most significant evidence in the case. The call spoke to appellant's state of mind that evening, supported the finding of a depraved mind, and corroborated the testimony of the victim. In light of the 911 call, it is not reasonably likely that the victim's brief statement during cross-examination was of any significance in the case.

*Affirmed.*

GROSS, MAY and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**